Commonwealth ex rel. W. S. Kirkpatrick, Attorney General, *v.* American Life Insurance Company. Appeal of E. Theresa Riegel, Administratrix.

*Insurance—Life insurance—Insolvency—Dissolution.*

Claims against a dissolved stock life insurance company, founded upon death losses occurring prior to the dissolution, are not entitled to priority of payment, as against claims resting upon policies running at the date of dissolution. Miller's Appeal, 162 Pa. 586, followed.

When in Riegel v. American Life Insurance Company, 153 Pa. 134, the Supreme Court directed that the "defendant company" should pay to plaintiff the sum of six thousand dollars with interest, it was not intended to give her a lien upon the assets of the company, but simply that she was entitled to her policy for that amount without preference, and to receive only a dividend of the assets of the company in the hands of the receiver along with all other creditors of the same class.

Submitted May 27, 1895. Appeal, No. 27, May T., 1895, by E. Theresa Riegel, Administratrix, from order of C. P. Dauphin Co., June T., 1890, No. 481, overruling exceptions to auditor's report. Before GREEN, WILLIAMS, McCOLLUM, DEAN and FELL, JJ. Affirmed.

Exceptions to auditor's report. The facts will be found in Riegel v. American Life Insurance Co., 140 Pa. 193, and 153 Pa. 134. From these cases it appears that appellant at one time held a policy in the American Life Insurance Company on the life of Henry G. Leisenring for $6,000. From 1876 to 1889, the whereabouts of Leisenring was unknown, and in April, 1889, appellant arranged with the officers of the American Life Insurance Company to surrender the $6,000 policy and to take in substitution therefor a $2,500 full-paid policy, and this arrangement was consummated by the surrender and cancellation of the $6,000 policy and the delivery by the company in lieu thereof of said full-paid policy of $2,500. Leisen-

ring had died about ten days before this exchange of policies was effected, but neither of the parties knew of his death at the time of the exchange. The appellant learned of his death a short time subsequent to the surrender and cancellation of the $6,000 policy and acceptance by her in lieu thereof of said $2,500 full-paid policy, and then made a demand on the company to take back the $2,500 policy and to reinstate the $6,000 canceled policy, and on the company refusing so to do, on October 4, 1889, she filed a bill in equity praying the reinstatement of said $6,000 policy, and for a decree praying that the American Life Insurance Company be required to pay the appellant the full amount of said policy. On demurrer the bill was dismissed. On appeal to the Supreme Court the decree was reversed in April, 1891, and the case sent back for a rehearing: 140 Pa. 201. The corporation had meanwhile become insolvent and was dissolved by the decree of the Dauphin county court on May 13, 1890, and The Real Estate Title Insurance and Trust Company was appointed receiver. While the cause was before a master appointed by the said court to report whether the appellant should claim on the $6,000 policy or the $2,500 policy, the auditors appointed to distribute the fund on the first account of the receiver were taking proofs of claims, and when they were about to close their proofs and make report, the appellant came before them, and the question was presented whether she should proceed with her proofs before the auditors de novo, or whether she would let her proofs stand over to the second account, and in the meanwhile reach a final decree in the forum she had selected. The agreement of counsel representing a majority of policy holders, as appears in the first report of the auditors, is as follows:

"By agreement of counsel representing a majority of policy holders, the sum of $7,500 was set aside to await the result of litigation in the court of common pleas of Philadelphia county upon the claim of E. Theresa Riegel, represented by W. W. Porter, Esq., disposition of which is to be made by the auditors to whom the second account of the receiver shall be referred."

Upon the final hearing of the cause, the bill was again dismissed, and another appeal was then taken to the Supreme Court, and on February 13, 1893, the latter court again reversed the lower court and made this final decree:

172      COM. ex rel. KIRKPATRICK *v.* INS. CO.

Statement of Facts—Arguments.          [170 Pa.

"It is therefore adjudged that the decree of the court of common pleas be reversed and set aside and exceptions to master's report dismissed ; and it is now adjudged and decreed that the contract under which said exchange of insurance policies was made be rescinded, that the paid-up policy for twenty-five hundred dollars be surrendered and canceled, and that the original policy of insurance be reinstated, as of date of its surrender ; and it is further adjudged and decreed that the defendant company pay to the plaintiff the sum of six thousand dollars, with interest from October 4, 1889, and also all the costs of this. proceeding : " 153 Pa. 134.

On the suggestion of the attorney general it was decreed that the company be dissolved and a receiver be appointed. The account of the receiver was filed and auditors appointed to make distribution. The report of the auditor was duly filed, and by it the appellant's claim was disallowed, a percentage participation in the fund in the receivers' hands, along with all other claimants, being awarded only. Exceptions were filed, which were all but one dismissed ; the court overruling the auditor on the question of costs, allowing the full amount thereof to the appellant. Thereupon E. Theresa Riegel, administratrix, took this appeal.

*Error assigned* was dismissing exceptions to auditor's report.

*William W. Porter*, for appellant.—The Supreme Court of Pennsylvania directed and ordered the receivers to pay to the appellant the full amount of her claim : Riegel v. American Life Ins. Co., 153 Pa. 134.

The appellant's claim is based upon a decree in equity, which relates back to the incipiency of the suit.

*William C. Hannis,* for appellees, cited : Miller's App., 35 Pa. 481 ; Dean's App., 98 Pa. 101 ; May on Ins. sec. 594 ; Relfe v. Columbia Life Ins. Co., 76 Mo. 594 ; Relfe v. St. Louis Mut. Life Ins. Co., 13 Mo. 184 ; Attorney-General v. Continental Life Ins. Co., 71 N. Y. 325 ; People v. Security Life Ins. Co., 71 N. Y. 222 ; Jordan's App., 107 Pa. 75 ; Lea's App., 164 Pa. 405.

PER CURIAM, July 18, 1895:

The opinion of the common pleas which was affirmed by this court in the case of Miller's Appeal, 162 Pa. 586, disposes of the appellant's contention in the present case. The appellant has no lien upon the assets of the company prior to its dissolution, and it was certainly not the intention of this court to give her one when we decided that she was entitled to a return of the policy for $6,000, or when we adjudged that the " defendant company " pay to the plaintiff the sum of six thousand dollars with interest from October 4, 1889. Riegel, Appellant, v. American Life Ins. Co., 153 Pa. 134. The appellant is simply the holder of a policy for $6,000 without preference, and is entitled only to a dividend of the assets in the hands of the receiver along with all other creditors of the same class.

Judgment affirmed.